IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BILLY TAYLOR,<br><br>        Plaintiff,<br><br>v.<br><br>TEXMAC INC,<br><br>        Defendant. | Civil Action No. 3:23-cv-792-FDW-SCR<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO FILE UNDER SEAL THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

Defendant Texmac Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to Local Rules 6.1 and 7.1, hereby submits Defendant's Memorandum of Law in Support of Unopposed Motion to File Under Seal the Parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice.

**I.    INTRODUCTION**

On May 3, 2024, Defendant and *pro se* Plaintiff Billy Taylor ("Plaintiff") (Defendant and Plaintiff collectively referred to as the "Parties") reached an agreement to settle the instant, above-captioned matter, which includes Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), which Defendant denies. The Parties negotiated monetary and non-monetary settlement terms as a part of the resolution of this action and reduced those terms to writing, as set forth in the Parties' Settlement and Release Agreement, which contains a provision prohibiting disclosure of the "nature and terms of th[e] Settlement Agreement," including "the amount of th[e] settlement . . . ." Therefore, in light of the Parties' agreement that, among other things, the monetary amount of the settlement shall be confidential, Defendant asks the Court to grant the Motion to File Under Seal the Parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, appearing *pro se*, filed a Complaint for Damages ("Compl") on November 20, 2023, alleging that Defendant misclassified him as exempt from eligibility for overtime wages based on the FLSA's "administrative" exemption, thereby entitling him to unpaid overtime wages, and that Defendant retaliated against him in violation of the FLSA. *See generally* Dkt. 1, pp. 3, 14, 16. Plaintiff also alleges "that he worked an average of 45-48 hours per week for 3 years and was not paid overtime." *Id.*, p. 16, lines 18-20. Plaintiff's Complaint seeks alleged "unpaid back wages at the applicable overtime rate for each hour worked over forty hours;" a finding of "willful violations of the FLSA;" liquidated damages; prejudgment interest (in the alternative); and attorney's fees and costs. *Id.*, pp. 16 – 17.

On May 2, 2024 Defendant filed its Answer and Affirmative Defenses denying, among other things, that Plaintiff was misclassified under the FLSA; that he is entitled to any unpaid overtime wages, liquidated damages, attorney's fees and costs; that Plaintiff was subjected to retaliation; and that Plaintiff is entitled to any of the relief he seeks in his Complaint. *See generally* Dkt. 9. Additionally, Defendant affirmatively asserted that Defendant acted at all times in a good faith belief that they were in compliance with the FLSA. *Id.*, p.11, Affirmative Defense. No. 3.

The Parties reached an agreement to settle Plaintiff's FLSA claims and claims pending in the North Carolina General Court of Justice, District Court Division, Case No. 23-CVD-16849 and executed a Settlement and Release Agreement ("Settlement Agreement"). *See* Ex.4. The Settlement Agreement contains an agreed-upon confidentiality provision whereby the Parties to maintain the confidentiality of the Settlement Agreement, including, the amount of the settlement.

## III. LAW AND ARGUMENT

A party who seeks to seal a filing must comply with Rule 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina, which

provides that "[n]o materials may be filed under seal except by Court order, pursuant to statute, or in accordance with a previously entered Rule 26(e) protective order. *See* LCvR. 6.1(b). To that end, a "party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1," which any such motion must set forth: "(1) [a] non-confidential description of the material sought to be sealed; (2) [a] Statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) [u]nless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; (4) supporting statutes, case law or other authority." *See* LCvR. 6.1(c)(1) – (4).

Additionally, "[n]o motion to seal . . . shall be determined without reasonable public notice" which such requirement is satisfied "where a motion is filed in accordance with LCvR 6.1(c)." LCvR. 6.1(e). Further, "[w]hen addressing motions to seal, the Court must consider alternatives to sealing" and where "the Court determines that sealing is necessary, it will state its reasons with findings supporting its decision" and "will also specify whether the sealing is temporary or permanent, and also may redact such orders in its discretion." LCvR. 6.1(f).

Here, per the agreed-upon terms of the Settlement Agreement, the Parties seek to maintain the confidentiality of the specific monetary amount of the Settlement Agreement, the nature and terms of the Settlement Agreement, and the "substance or content of discussions involved in reaching this Settlement Agreement." *See* Ex.4, ¶ 8; *see also, e.g., In re Family Dollar FLSA Litig.*, No. 3:08-MD-1932, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (Mullen, J.) (granting parties' joint motion in camera review of and approval of FLSA settlement); *In re: Dollar General Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 U.S. Dist. LEXIS 94422 (E.D.N.C. Aug. 22, 2011) (sealing FLSA settlement agreement and terms for a period of two years); *Gilmore v.*

*Nationwide Ins. Co. of Am.*, 2006 U.S. Dist. LEXIS 88919 (M.D. Ala. 2005) (granting the parties' joint motion for in camera inspection and sealing of FLSA settlement); *Peterson v. Meritage Homes of Fla., Inc.*, 2008 U.S. Dist. LEXIS 115496 (M.D. Fla. Nov. 17, 2008) (following court review, recommending approval of sealed settlement agreement and dismissal with prejudice); *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally").

> Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the district court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

*Campbell*, 464 F. Supp. 2d at 561 (quoting *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)). Accordingly,

Additionally, there are no alternatives to sealing because the Parties must apprise the Court of the monetary settlement amount as a part of the court's required review and approval of the proposed settlement. *See Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) (holding that claims for FLSA violations can be settled when the settlement is supervised by a court overseeing the matter at hand). As such, the Court must necessarily review the settlement amount in order to determine whether the settlement amount is fair and reasonable under the law. *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982) (With respect to a court-authorized settlement of an FLSA claim, a court must determine if the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions."). Thus, the Court must be made aware as to the agreed-upon settlement amount in order to evaluate and approve the settlement; merely redacting the settlement amount from the Settlement Agreement will not allow the Court to review the actual settlement amount. *See Padco Advisors, Inc. v. Omdahl*, 179

F.Supp.2d 600, 614-15 (D. Md. 2002) ("there is no reasonable alternative to sealing the exhibits" which contained confidential trade secrets, as the "court must have access to the exhibits to resolve the pending motions and they must remain in the record"); *Pinnix v. SSC Silver Stream Operating Co., LLC*, 2015 WL 4671979, *10-11 (E.D.N.C., Aug. 6, 2015) (holding that "alternatives to sealing do not exist" because "the exhibit in question contains confidential information and consists of . . . records that are not generally available to the public").Therefore, documents referencing the monetary settlement amount must filed under seal per the Parties' agreement.

Moreover, the agreed-upon settlement amount to Plaintiff is specific to his FLSA allegations and, accordingly, the agreed-upon settlement has little impact on the public at large - nor do the terms of settlement have any substantial benefit to the public given this is a single plaintiff matter. Accordingly, public disclosure of the Parties' settlement terms will provide no benefit to the public or to Plaintiff.

**IV.    CONCLUSION**

For the reasons set forth herein, Defendant respectfully requests that the Court enter an Order granting leave to file under seal the Parties' Joint Motion for Judicial Approval of Settlement and Dismissal With Prejudice and granting an in camera review of the Parties' Confidential Settlement and Release Agreement.

Dated: May 21, 2024

/s/ Matthew Brown
_____
Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC  28202
Telephone:    704.972.7000
Facsimile:     704.333.4005

*Attorneys for Defendant*
*Texmac Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO FILE UNDER SEAL THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/ECF system, and served the same upon the following *Pro Se* Plaintiff via electronic mail and U.S. Mail, first class, proper postage affixed thereto and addressed as follows:

Billy Taylor
P.O. Box 470432
Charlotte, NC 28226
Telephone: 480.200.7888
Email: billytaylor611@gmail.com

*Pro se Plaintiff*

*/s/ Matthew Brown*
Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, NC 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*
*Texmac Inc.*

4871-6744-2112.1 / 095796-1012